PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JOSEPH CONTRERAS,<br><br>Defendant. | Case No: 1:21-CR-00159-JLT-SKO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date: November 27, 2023<br>Time: 10:00 a.m.<br>Ctrm: Four<br>Hon: Jennifer L. Thurston |

Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, the United States Attorney for the Eastern District of California, and Assistant United States Attorney David Gappa, has agreed with defendant Christopher Joseph Contreras (defendant), and his attorney, Patrick Aguirre, as set forth below. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority.

1. <u>Charges.</u>

The defendant acknowledges that he has been charged in an indictment as follows:

1

1       Count One – Attempted Coercion and Enticement, in violation of 18 United States Code, Section 2422(b); and

3       Count Two - Coercion and Enticement, in violation of 18 United States Code, Section 2422(b); and

5       Forfeiture Allegation – 18 U.S.C. § 2428(b)

6       2. <u>Nature, Elements and Possible Defenses</u>.

7       The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses to the charges, and he has discussed them with his attorney.

      The elements of the crime of Attempted Coercion and Enticement, as alleged in Count One of the indictment, are as follows:

      (1)    the defendant knowingly used any facility or means of interstate or foreign commerce;

      (2)    to knowingly attempt to persuade, induce, entice, or coerce;

      (3)    a minor;

      (4)    to engage in any sexual activity for which any person could be charged with a criminal offense.

      The elements of the crime of Coercion and Enticement, as alleged in Count Two of the indictment, are as follows:

      (1)    the defendant knowingly used any facility or means of interstate or foreign commerce;

      (2)    to knowingly persuade, induce, entice, or coerce;

      (3)    a minor;

      (4)    to engage in any sexual activity for which any person could be charged with a criminal offense;

      3. <u>Agreements by the Defendant</u>.

      (a)    Defendant agrees that this plea agreement will be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Counts One and Two in the indictment. He will also admit the forfeiture allegation in the indictment.

(c) The defendant is aware that Title 18, United States Code, Section 3742 permits a defendant to appeal his plea, conviction, restitution imposed, or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his constitutional and statutory rights to appeal his guilty pleas, convictions, restitution imposed, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his pleas, convictions, and sentence (including any restitution order). This appeal waiver includes any appeal right conferred by 18 U.S.C. § 3742, except for non-waivable claims. This waiver includes, but is not limited to, a proceeding under 28 U.S.C. § 2255 or § 2241. The defendant also agrees to waive his right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute[s] of conviction, and other pretrial motions that have been filed or could be filed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's convictions and guilty pleas, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts included in this agreement is insufficient to support the defendant's plea of guilty.

(d) The defendant further acknowledges that his pleas of guilty are voluntary and that no force, threats, promises, or representations have been made to anybody. Nor has any agreement been reached, other than expressly in this plea agreement, to induce the defendant to plead guilty.

(e) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this agreement and any charges previously dismissed).

(f) The defendant agrees that the sentencing court will consult the 2021 edition of the United States Sentencing Commission's Guidelines (USSG), as promulgated by the U.S. Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-

3

998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). The court must take the USSG into account when determining a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case under the USSG. Defendant also understands that the court will consider whether there is a basis for variance from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant also understands that the court, after consultation and consideration of the USSG, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(g)   Defendant agrees that one component of an overall reasonable sentence will be a total term of imprisonment of no less than 10 years (120 months) imprisonment in light of the statutory mandatory minimum.

(h)   The defendant agrees that an additional component of an overall reasonable sentence will be a term of supervised release of at least 180 months, and he will not seek early termination of a term of supervised release of at least 180 months.

(i)   The defendant agrees that if his convictions on the counts to which he is pleading are ever vacated at the defendant's request, the government shall have the right (1) to prosecute the defendant on the count(s) to which he pleaded guilty, (2) and to file any new charge(s) that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to a future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(j)   The defendant agrees not to move for any downward adjustments in his offense level under Chapter Two, Three, Four, or Five of the Sentencing Guidelines. The defendant understands and

4

agrees that he will not move for a downward departure of his offense level, criminal history category, or criminal history points as defined by the Sentencing Guidelines, except that the defendant is permitted to argue under 18 U.S.C. § 3553(a) for what he believes to be an overall reasonable sentence.

(k)   Defendant agrees that his conduct is governed by mandatory restitution under 18 U.S.C. § 2259, Paroline v. United States, 134 S.Ct. 1710 (2014) and United States v. Kennedy, 643 F.3d 1251 (9th Cir. 2011), and agrees to pay any victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct as charged in the indictment. Defendant agrees that mandatory restitution applies to those victims affected by the charges in the indictment regardless of whether or not the victims are included in the factual basis. The government will give its best estimate of the amount of any restitution that might be claimed at the time of the scheduled change of plea hearing and will advise the court and the defendant immediately of any claims that are filed.

(l)   The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. He also understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations could subject him to prosecution for failure to register as a sex offender under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(m)   The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees that he will remain in custody pending the court's imposition of the sentence in this case.

///

///

5

4. <u>Agreements by the Government.</u>

(a)  The government will recommend a three-level reduction in the computation of the defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b)  The government will promptly notify the court and the defendant of any claims for restitution that any victim of the offenses to which the defendant is pleading guilty submits.

(c)  The government will recommend a sentence within the relevant USSG ranges.

5. <u>Factual Basis.</u>

The defendant will plead guilty because he is in fact guilty of the crimes set forth in Counts One and Two of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

Count One: Defendant, from approximately July 22, 2020, through approximately July 25, 2020, in Fresno County, within the State and Eastern District of California and elsewhere, knowingly used a cellular telephone, applications, text messages, and the internet to attempt to persuade, induce, entice, and/or coerce someone he believed to be a minor to engage in any sexual activity for which any person could be charged with a criminal offense. More specifically, the defendant, through text messages and the applications Skout and Snapchat, while communicating with a person he believed to be a 13 year-old female stated that he wanted to engage in oral sex and sexual intercourse with that purported minor. This would have constituted lewd and lascivious acts on a minor under age 14 in violation of California Penal Code section 288(a). During his communication with the person he thought was a 13 year-old female, the defendant used the names Derrel and Craig and sent pictures of an adult penis while requesting images of various body parts of the purported minor. He drove to an agreed-upon location to meet with the purported minor on July 25, 2020. Law enforcement officers arrested the defendant at the agreed-upon location and transported him to the Fresno County Jail. The defendant was charged with violating California Penal Code 288.2(a) (Distributing harmful matter to a minor) and 288.4(b) (Arranging a meeting with a minor for lewd purposes). The defendant was released from custody after he posted bail.

Count Two: Defendant, from approximately October 5, 2020, through approximately October 13, 2020, in Fresno County, within the State and Eastern District of California and elsewhere, knowingly used a cellular telephone, applications, text messages, and the internet to persuade, induce, entice, and/or coerce a minor to engage in any sexual activity for which any person could be charged with a criminal offense. More specifically, the defendant, through text messages and the application MeetMe, stated that he wanted to engage in oral sex and sexual intercourse with a person he believed to be a 15 year-old female. The defendant, on approximately October 7, 2020, drove to a home where a minor female was living, picked the minor up in his vehicle, and drove the victim to his residence where he engaged in sexual intercourse with the victim. When law enforcement learned that the victim had been missing from her residence, an

6

investigation confirmed that the defendant had been communicating with the minor victim through text messages. The defendant was arrested and charged with violating California Penal Code sections 288(a) (Lewd acts with a minor); 288.4(b (Arranging a meeting with a minor for lewd purposes); 288.3(a) (Contacting a minor with intent to commit certain felonies); and PC 12022.1 (Committing a felony while on bail).

6. Potential Penalties.

Defendant understands that because the offenses to which he is pleading guilty were committed after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Count One – Attempted Coercion and Enticement**

(a) Imprisonment

   Minimum (Mandatory): Ten (10) years.
   Maximum: Life

(b) Fine.

   Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

   Minimum:   Five Years.
   Maximum:   Lifetime (18 U.S.C. 3583(k))

   (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessments:

   Mandatory: One Hundred Dollars ($100).

**Count Two – Coercion and Enticement**

(a) Imprisonment

   Minimum (Mandatory): Ten (10) years.
   Maximum: Life

(b) Fine.

7

        Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

    Minimum:    Five Years.
    Maximum:   Lifetime (18 U.S.C. 3583(k))

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessments:

    Mandatory: One Hundred Dollars ($100).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    (a)    If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government, and the court all must agree that the trial be conducted by a judge without a jury.

    (b)    If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification were shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    (c)    If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

8

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, an attorney would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offenses to which he is pleading guilty, his answers, if false, may later be used against him in a separate prosecution for perjury.

9. Entire Agreement.

These pleas of guilty are freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this court will impose, although the parties have agreed upon parameters for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines that they believe will produce an overall reasonable sentence.

10. Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph six (6). In making its sentencing decision, the court may take into consideration any and all facts and

circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the court as its independent sentencing recommendation. In addition, the government will fully inform the probation office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

PHILLIP A. TALBERT
United States Attorney

Dated: 10/20/23    By:    *David Gappa*
DAVID GAPPA
Assistant U.S. Attorney

Dated: 10/20/23
CHRISTOPHER JOSEPH CONTRERAS
Defendant

Dated: 10/20/23
PATRICK AGUIRRE
Attorney for Defendant

10