PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00159 JLT-SKO |
|---|---|
| Plaintiff, | GOVERNMENT SENTENCING MEMORANDUM |
| v. | DATE: April 29, 2024 |
| CHRISTOPHER JOSE CONTRERAS, | TIME: 10:00 a.m. |
|  | COURT: Hon. Jennifer L. Thurston |
| Defendant. | |

**I.   INTRODUCTION**

The defendant pleaded guilty, on November 27, 2023, to both counts of an indictment that was filed on June 10, 2021.  Specifically, he pleaded guilty to one count of Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and one count of Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422.  The court has scheduled a sentencing hearing for April 29, 2024.

The United States Probation Office submitted a revised presentence investigation report (PSR), dated March 11, 2024, that has outlined the offense conduct, parts of the defendant's personal history, and the ranges for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines.  The report recommends a total term of imprisonment of 189 months and a 240-month term of supervised release.  It also recommends that no fine be imposed but that the defendant be ordered to pay two mandatory $100 special assessments.   The report also recommends that the court impose the mandatory

$5,000 special assessment required under the Justice for Victims of Trafficking Act (JVTA) for each count as well as the mandatory penalty assessment of $100 for each count.  The defendant did not file any informal objections to the draft PSR.  The United States Attorney's Office supports the sentencing recommendations in the PSR.

## II. CONGRESSIONAL CONCERN ABOUT THOSE WHO SEXUALLY EXPLOIT CHILDREN REMAINS STRONG AND JUSTIFIES THE SENTENCE RECOMMENDED BY THE PROBATION OFFICE AND THE GOVERNMENT.

Numerous statutory and Sentencing Guidelines amendments have strengthened the mandatory and recommended penalties for federal offenses related to the sexual exploitation of minors.  The defendant is in the general population of sexual offenders that has been deemed worthy of significant federal punishments.  Although he could point to some personal challenges in his earlier life, he has offered no objective evidence that any events in his past caused him to commit the crimes to which he pleaded guilty.  Government counsel is not aware of any medical or psychological professional who has expressed an opinion that being raised in an environment in which a person is confronted with abuse of drugs, alcohol, and/or domestic violence causes that person to engage in similar behavior.  Fortunately, most people exposed to traumatic events in early years do not go on to commit crimes, especially not crimes against children.  The defendant is now 30 years old, and he committed the offenses for which he faces sentencing in his late twenties.  A better argument for leniency would be for the defendant to accept that he has been unable to control his deviant sexual interests but that he is committed to doing so now and in the future.  The argument would be more persuasive if it were supported with evidence of his intentions and actions.

The continued focus on people, such as the defendant, who use the internet to sexually exploit children demonstrates that Congress has made this area a legislative priority, and it has attempted to ensure effective prosecution and punishment of offenders.  Legislative activity in this area is consistent with a Congressional attempt to "restore the government's ability to prosecute child [exploitation] offenses successfully," by "ensuring that the criminal prohibitions . . . remain enforceable and effective," *United States v. MacEwan*, 445 F.3d 249 n.12 (3rd Cir. 2006).  This need is even more critical as technology and offenders become more sophisticated and the number of potential victims becomes larger while their ages become lower.  This is especially important in a case like this where law

GOVERNMENT SENTENCING MEMORANDUM  2

enforcement had intervened against the defendant by arresting him for attempting to meet a minor to engage in sexual acts, and then he reoffended shortly after being release from custody and while his initial charges were still pending in state court.

### III. RELEVANT SENTENCING FACTORS AND GOVERNMENT RECOMMENDATION

The considerations at 18 U.S.C. § 3553(a)(1) through (6) justify a sentence that includes a term of at least 189 months imprisonment followed by a 240-month term of supervised release.

#### A. 3553(a)(1) – The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant has demonstrated his sexual interest in minors by traveling to meet someone he believed to be a minor for the purpose of engaging in sex with that person.  His offense conduct is obviously disturbing and justifies the sentence recommended by the probation office.  A prison term of at least 189 months with sex offender treatment that continues through at least a 240-month term of supervision will not eliminate the defendant's sexual interest in children, but it should provide him with sufficient insights and techniques to help reduce the risk that he will continue to present to the public, particularly children.  A term of supervised release of at least 240 months is warranted so that he participates in sex offender treatment, is obligated to register as a sex offender, and also participates in any other treatment that his supervising probation officer might recommend as beneficial.  His access to minors, computers, and the internet also should be restricted and subject to the supervision of a probation officer during this time.

#### B. 3553(a)(2) – The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with necessary educational training, medical care, or other correctional treatment.

The majority of these sentencing factors weigh in favor of a sentence that includes a term of at least 189 months imprisonment followed by a term of supervised release of at least 240 months.  The defendant would benefit from participating in a lengthy program of sex offender counseling and treatment, and this would best be done within the confines of a Bureau of Prisons (BOP) facility.  Each BOP institution has counseling resources available, and each region also has at least one designated sex offender management and treatment program.  There is also at least one residential treatment program

available for inmates who are concluding their custodial sentences.  Imposing the prison term recommended by the probation office would provide the defendant with just punishment, afford adequate deterrence to him and others, protect the public from his recent and repeatedly demonstrated sexual interest in children, and provide the defendant with necessary educational training, medical care, or other correctional treatment.

### C.  3553(a)(3) and (4) – The kind of sentences available and the sentencing ranges established.

These factors also weigh in favor of the probation office's recommended sentence, because the ranges for sentencing include a mandatory minimum prison term of ten years with a maximum term of life.  Probation is expressly precluded by statute under 18 U.S.C. §§ 2422(b), 3561(a)(2).

### D.  3553(a)(5) – Any pertinent policy statements by the Sentencing Commission.

Although many defendants and some courts have criticized the punishments for federal child sexual exploitation offenses, Congress has not relented in legislating in this area.  Congress relatively recently enacted the Justice for Victims of Trafficking Act of 2015, Pub. L 144-22, May 29, 2015.  Notably, too, although the Sentencing Commission made some adjustments to provisions of U.S.S.G. § 2G2.2 effective November 1, 2016, most of the provisions were not changed.  And although they are only advisory, the Guidelines, at 5K2.0 Application Note 4, indicate that downward departures in "child crimes and sexual offenses," including the offenses for which the defendant will be sentenced, are strongly discouraged.  This only underscores that Congress and the Sentencing Commission generally believe that the range for sentencing in a case such as before the court is not unduly harsh.  So these factors weigh in favor of the sentence recommended by the probation office.

### E.  The need to avoid unwarranted sentencing disparities.

Many defendants sentenced in the Fresno division of the Eastern District of California have received sentences within, or close to, the relevant Sentencing Guidelines range for conduct similar to that engaged in by this defendant.  The defendant's conduct in this case justifies the court in imposing the sentence recommended by the probation office.

///

///

## IV. CONCLUSION

The court should impose a term of imprisonment of at least 189 months followed by a term of supervised release of at least 240 months that includes the standard and special conditions proposed in the revised PSR. The court should also impose two mandatory penalty assessments of $100 and the JVTA assessments of $5,000 for each count ($10,200 total).

Dated: April 18, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney

GOVERNMENT SENTENCING MEMORANDUM        5